35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George LEANDRE, Plaintiff-Appellant,
v.
MARRIOTT CORPORATION, Defendant-Appellee.
 No. 94-1395.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 2, 1994.
Decided Aug. 15, 1994.
 
 Before COFFEY, EASTERBROOK, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 George Leandre, a 52-year-old black male from St. Lucien, filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621 et seq., alleging that his employer, Marriott Corporation, discriminated against him on the basis of age, race and national origin by denying him promotions. The district court entered summary judgment in favor of Marriott, and Leandre appeals.
 
 
 2
 We review a summary judgment decision de novo. Witham v. Whiting Corp., 975 F.2d 1342, 1345 (7th Cir.1992). Summary judgment is proper where the pleadings, depositions, answers to interrogatories and affidavits on file show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e).
 
 
 3
 In an employment discrimination suit, a plaintiff may use direct or indirect proof of the employer's discriminatory intent. Under the framework established in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), a plaintiff may establish a prima facie case by showing that he was in the protected class, that he was performing the job satisfactorily, that he nevertheless was the subject of a materially adverse employment decision, and that others outside of the protected class were treated more favorably. Darnell v. Target Stores, 16 F.3d 174, 177 (7th Cir.1994); Anderson v. Stauff Chemical Co., 965 F.2d 397, 400-01 (7th Cir.1992). Leandre used this indirect method of proof of discriminatory intent to attempt to establish that Marriott's discrimination prevented him from gaining two promotions.
 
 Banquet Captain Promotion
 
 4
 Leandre claims that he was denied a promotion from server to banquet captain. The district court properly found that he failed to make out a prima facie case. The evidence shows that Leandre was either offered the job, and he refused because there was no guarantee of a 50-hour work week; or before an offer was made, he withdrew his application because Marriott would not guarantee him a 50-hour work week.[1] His argument rests completely on the insufficiently supported allegation that the person who was hired as captain, Nick Pappas (a white, Greek-American male under 40 years of age) was guaranteed 50 hours each week.
 
 
 5
 The evidence Leandre points to is a hearsay statement made in the affidavit of a co-worker, Valerie Love: "Pappas told me that he feels like he is getting screwed because he came here with a 50 hour guarantee and now he is not getting those hours." Even if the statement were found to be admissible as evidence, Pappas himself testified he never received such a guarantee. Pappas testified that when he was hired, Marriott told him that no guarantee was possible because the ballrooms were being remodeled and there would be less work available. During the first half-year at Marriott, Pappas sometimes worked less than 50 hours a week because "there was no business." Seven months after he began working for Marriott, Pappas went to management personnel along with another captain and asked for a 50-hour guarantee since the ballroom remodeling was done and Marriott was planning to hire another captain, which Pappas thought might cut into his hours. Marriott agreed to guarantee the two captains 50 hours every week.
 
 
 6
 Pappas' testimony was corroborated by Nick Lialios, the Banquet Maitre'd, who stated in an affidavit that no guarantee was made to Pappas or anyone else.[2] In addition the payroll records and Leandre's own admission establish that Pappas did not always work 50-hour weeks. No genuine issue of material fact remains on the question of whether Leandre was denied a 50-hour guarantee with the captain position, and thus he has failed to show discrimination.
 
 Assistant Maitre'd Opening
 
 7
 Leandre also claims that he was denied the opportunity to apply for the position of assistant maitre'd because Marriott never posted it at the location where he worked. Marriott hired Charles Flanders, a white male under age 40. Leandre has again failed to make out a prima facie case. It is true that failure to apply for a job can be excused where the employer purposely tries to prevent an employee from knowing of the job's availability. Box v. A & P Tea Co., 772 F.2d 1372, 1377 (7th Cir.1985).[3] But even if Marriott failed to post the job, Leandre has failed to show he was qualified for it. See Hughes v. Derwinski, 967 F.2d 1168, 1172-73 (7th Cir.1992) (prima facie case established where plaintiff showed he was qualified by submitting, in summary judgment proceeding, extensive job description of job he sought, recommendation of supervisors, employer's award for superior performance, and an admission that plaintiff was qualified for a position which overlapped with position he sought). We note that the position of assistant maitre'd is above Pappas' position as banquet captain. Absent anything in the record showing Leandre had experience beyond the level of server, we cannot speculate that Leandre would be qualified for the assistant maitre'd position.
 
 
 8
 Leandre maintains that he was prevented from informing the court of the job's qualifications because Marriott failed to provide him with certain documents in discovery. Notably, the parties filed a joint motion to extend the discovery cut-off date to October 29, 1993, only on the basis that Leandre wished to schedule depositions as a result of information he learned from documents Marriott had provided through discovery. Nothing in the record indicates Leandre sought documents detailing the qualifications for the position of assistant maitre'd.
 
 Direct Evidence of Discrimination
 
 9
 Leandre also submitted direct evidence as support for his claim of discrimination, in the form of two remarks made by management personnel. In a direct evidence case, Leandre must first prove that the employment decision at issue was based upon an impermissible factor. McCarthy v. Kemper Life Insurance Companies, 924 F.2d 683, 686 (7th Cir.1991). Remarks made at work that are based on race, national origin or age do not automatically prove that an impermissible concern influenced a particular employment decision. "The plaintiff must show that the employer actually relied on ... [gender, race, national origin or age] in making its decision." Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109 S.Ct. 1775, 1791 (1989). See also Smith v. Firestone Tire and Rubber Co., 875 F.2d 1325, 1330 (7th Cir.1989).
 
 
 10
 In 1986 or 1987, Jose Campos, Marriott's Coffee Break Department Supervisor, told Leandre that Lialios, who supervised work schedules, said Campos need not schedule Leandre for more than two days' work because "where [George] comes from, he doesn't know money." But it was not until five years later, in late 1991, that he was allegedly offered the job (without a 50-hour work week guarantee) of captain, and Pappas was allegedly offered the job with a 50-hour guarantee. Neither the Campos affidavit nor anything else before the court connects the comment to the decision to offer Pappas the captain job, or the decision to hire Flanders as assistant maitre'd.
 
 
 11
 The other direct evidence of discrimination that Leandre points to is the statement "age before beauty" made five or six times by Richard DeLeonardis, Marriott's Director of Banquet Services.[4] From this, Leandre concludes that Pappas got the position as captain because Papas was younger. Again, Leandre fails to connect the casual remark to any adverse employment decision other than the absence of a 50-hour guarantee. As discussed above, although Leandre (at age 52) was not offered a 50-hour guarantee, neither Pappas (under age 40) nor other applicants (of various ages) were ever offered a 50-hour guarantee either.
 
 
 12
 Leandre has failed to establish facts from which a reasonable juror could conclude that the impermissible factors of race, age or national origin played a role in any employment decisions made by Marriott. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Marriott's Banquet Maitre'd, Nick Lialios, stated in an affidavit that before a decision was made, Leandre indicated he was no longer "interested in the position because we would not guarantee him 50 hours of work per week." Lialios added: "We did not give [Leandre] any further consideration for the position since he already said he did not want it." Leandre, on the other hand, believes he was offered the job, but he turned it down because they refused to guarantee him a 50-hour work week. Although the testimony differs on this point, it makes little difference to the court's decision whether or not an actual offer was made
 
 
 [2]
 Lialios' affidavit reads: "We were unable to make such a guarantee since we knew the hotel's ballrooms were going to be remodeled in early 1992 and it was not our policy at that time to guarantee set hours of work per week to Banquet Captains, since hours worked depended upon business needs."
 
 
 [3]
 Both Leandre and Love state they checked the bulletin board where jobs are posted, and never saw a notice. Marriott countered with the affidavit of Bryon Peterson, Director of Human Resources, who stated that he posted the opening both on the bulletin board and on Marriott's nationwide computer system for 22 days. Brian Siegal, the Food and Beverage Director, stated that he saw the posting on the bulletin board at the location where Leandre worked. (The two men who applied for the job both saw the job posted in the computer at other locations)
 
 
 [4]
 Leandre testified at a deposition: "Mr. DeLeonardis had this thing about every time we were approaching each other, he would say age before beauty."